**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02566-MSK-MJW

SUSANA BECK,

       Plaintiff,

v.

KEN SALAZAR, in his official capacity as Secretary, U.S. Department of the Interior,

       Defendant.

---

**STIPULATED PROTECTIVE ORDER** (DN 30-1)

---

This is an action seeking redress for alleged violations of Title VII of the Civil Rights Act

of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act,

29 U.S.C. § 633(a).  The parties anticipate that because of the nature of this action, discovery will

include information maintained by Defendant that may be subject to the provisions of the Privacy

Act, that may be subject to the attorney-client and/or attorney work product privileges, and that is

otherwise subject to protection from disclosure, and Plaintiff's confidential medical information.

The parties object to the disclosure of such information unless the disclosure is authorized and

governed pursuant to a Protective Order.

The Court has considered the Joint Motion for Entry of Stipulated Protective Order.

Upon a showing of good cause in support of the entry of this Protective Order, the Court

GRANTS said Motion.  Thus, pursuant to 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), to

protect the discovery and dissemination of confidential or privileged information or information

which will improperly annoy, embarrass, or oppress any party, witness, or person providing

discovery in this case, IT IS HEREBY ORDERED:

1.      If Defendant produces to Plaintiff a document that would otherwise be protected by the Privacy Act, this Protective Order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

2.      Nothing in this Protective Order operates as a waiver of the parties' right to assert any appropriate objections to any discovery request.

3.      To address certain types of confidential information and documents covered by this Protective Order, the parties have agreed to designate certain information as "confidential" and limit disclosure accordingly.  This Protective Order shall apply to documents, materials, and information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure.  This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

4.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom which, after having been reviewed by one of the lawyers for the Stipulating Parties in this case, is designated by that lawyer as confidential based on a good faith belief that the information is indeed confidential or otherwise entitled to protection under Fed. R.Civ. P. 26(c). The designation as "Confidential Information" only affects how the receiving party or party's counsel handles such documents or information.  That is, the designation does not affect how the party or party's counsel who produces the document or information handles such documents or information apart from designating such documents or

2

information as confidential pursuant to this Protective Order.

     5.     The lawyer for the party designating any information as Confidential will make that designation in the following manner:

     a.     By imprinting the word "Confidential" on the first page of any document or group of documents produced;

     b.     By imprinting the word "Confidential" next to or above any response to a discovery request;

     c.     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential"; and

     d.     With respect to documents provided by any third party to this action, by giving written notice to opposing counsel designating such portions as "Confidential."

     6.     Confidential Information shall not be disclosed or used for any purpose except preparation and trial of this case.

     7.     Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

     a.     Attorneys actively working on or supervising the work on this case;

     b.     Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

     c.     The parties, including designated representatives and agency counsel for the entity defendant;

d.      Expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case;

e.      the Court and its employees ("Court Personnel");

f.      Stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

g.      Witnesses who wrote or who received the Confidential Information; and

h.      Other persons by written agreement of the parties.

8.      Individuals authorized to review Confidential Information pursuant to this

Protective Order shall hold Confidential Information in confidence and shall not divulge the

Confidential Information, either verbally or in writing, to any other person, entity or government

agency unless authorized to do so by court order or written agreement by the party disclosing the

Confidential Information.

9.      Prior to disclosing any Confidential Information to any person listed above (other

than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel

shall provide such person with a copy of this Stipulated Protective Order and obtain from such

person a written affidavit stating that he or she has read this Stipulated Protective Order and

agrees to be bound by its provisions. All such affidavits shall be retained by counsel and shall be

subject to *in camera* review by the Court if good cause for review is demonstrated by opposing

counsel.

10.     No copies of Confidential Information shall be made except by or on behalf of

counsel in this litigation. Such copies shall be made and used solely for purposes of this

4

litigation. During this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom.

11.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12.     If either party wishes to use, quote, or discuss Confidential Information in any court filing or proceeding in this action, including but not limited to its use at trial, the party proposing such use shall first confer with opposing counsel regarding the proposed disclosure. The parties shall discuss whether a motion to seal the Confidential Information would address concerns regarding confidentiality. Should either party determine the Confidential Information may not be used, quoted or discussed as proposed by the party proposing such disclosure, and that sealing of the Confidential Information would not adequately address any concerns regarding

5

confidentiality, then the party opposing such use shall proceed in accordance with the provisions

of paragraph 11 above.

13.     Upon termination of this litigation, including any appeals, each party's counsel

shall immediately return to the producing party all Confidential Information provided subject to

this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made

therefrom, or shall destroy such information. The termination of this action shall not relieve

counsel or other persons obligated hereunder from their responsibility to maintain the

confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall

retain continuing jurisdiction to enforce the terms of this Protective Order *until Termination of This Case.*

14.     By agreeing to the entry of this Protective Order, the Stipulating Parties adopt no

position as to the authenticity or admissibility of documents produced.

15.     Nothing in this Protective Order shall preclude any party from filing a

motion seeking further or different protection from the Court under Rule 26(c) of the Federal

Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall

be treated at trial.

16.     This Protective Order may be modified by the Court at any time for good

cause showing following notice to all parties and an opportunity for them to be heard.

17.  *That Any party Filing Documents with The Court seeking confidentiality shall comply with D.C.Colo. LCivR 7.2.*

6

DATED this 22ⁿᵈ day of _Febrary_, 2011.

By the Court:

_Michael J. Watanabe_
Michael J. Watanabe
United States Magistrate Judge


PROTECTIVE ORDER TENDERED
FOR REVIEW:

LAW OFFICES OF
GARY M. GILBERT

/s/ *Ari Micha Wilkenfeld*
Ari Micah Wilkenfeld, Esq.
The Law Offices of Gary M. Gilbert
& Associates, P.C.
8401 Colesville Road, Suite 300
Silver Spring, Maryland 20910
Telephone: 301-608-0880
Facsimile: 301-608-0881
Email: awilkenfeld@ggilbertlaw.com

Attorneys for Plaintiff Susana Beck

JOHN F. WALSH
United States Attorney

/s/ *Susan Prose*
Susan Prose, Esq.
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel: (303) 454-0100/Fax: (303) 454-0407
E-mail: susan.prose@usdoj.gov
Attorney for Defendant Ken Salazar